# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN C. MCREYNOLDS III | § | |
| | § | Civil Action No. 4:17-CV-422 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 7, 2017, the report of the Magistrate Judge (Dkt. #10) was entered containing proposed findings of fact and recommendations that Defendant's Motion to Dismiss (Dkt. #6) be granted. Having received the report and recommendation of the Magistrate Judge, having considered Plaintiff's objections (Dkt. #11), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #10) as the findings and conclusions of the Court.

The instant action arises from Plaintiff's demand for monies from the United States Government. In his own words, Plaintiff alleges that the United States Constitution endows him with a "'constitutional and statutory' business voting trust" and that he as a beneficiary of this trust may choose the form of the repayment of Defendant's "public debt obligation" (Dkt. #11 at pp. 2-5). By and through his suit, Plaintiff seeks a semiannual $700,000 disbursement from the United States.

## PLAINTIFF'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). By and through his objections, Plaintiff argues that the Magistrate Judge misunderstood his claim and that he seeks the requested disbursement from the United States Government, not by virtue of his birth or status as a United States citizen, but rather by virtue of the Constitution itself. Plaintiff goes on to allege that his claims are not convoluted; and, in fact make perfect sense when considered in this context and specifically when read in light of the definition of "public debt obligation."

While creative, Plaintiff's argument remains unsupported by the law. Plaintiff's objections still do not establish that a private right of action exists under 31 U.S.C. § 5118, whether asserted under the "gold clause" or as a "public debt obligation." *See Wiggins v. Wells Fargo* & Co., 3-09-CV-2003-N, 2010 WL 342246, at *2 (N.D. Tex. Jan. 29, 2010) ("The statute is definitional only and provides no private right of action."); *Bell v. JP Morgan Chase Bank*, CIV 06-11550, 2007 WL 107833, at *3-4 (E.D. Mich. Jan. 8, 2007) (dismissing complaint for lack of jurisdiction after finding Section 5118 is definitional, and provides no private cause of action); *see also Tesi v. Chase Home Finance*, LLC, No. 4:10-CV-272, 2010 WL 2293177, *5 (N.D. Tex. June 7, 2010) (same).

Nor does Plaintiff establish any valid waiver of statutory immunity. Paragraph (c)(2) does not constitute an express or implied waiver of immunity in this case. 31 U.S.C. § 5118 (c)(2). Plaintiff's objections are overruled.

**CONCLUSION**

Having considered Plaintiff's objections (Dkt. #11), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #10) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss (Dkt. #6) is **GRANTED** and Plaintiff's claims against the United States are dismissed for lack of jurisdiction.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

 **SIGNED this 9th day of January, 2018.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE